**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| LOCKHEED MARTIN CORPORATION, | |
| Plaintiff, | |
| v. | Case No. 4:23-cv-01204-O |
| HOWMET AEROSPACE INC. and RTI ADVANCED FORMING, INC., | |
| Defendants. | |

**PLAINTIFF LOCKHEED MARTIN'S MOTION FOR A**
**TEMPORARY RESTRAINING ORDER**

Pursuant to Federal Rule of Civil Procedure 65 and Local Rule 7.1, Plaintiff Lockheed Martin Corp. ("Lockheed" or "Plaintiff") respectfully moves for a temporary restraining order. Plaintiff seeks emergency relief restraining Howmet Aerospace Inc. ("Howmet" or "Defendant") from breaching its contractual obligations, and thereby endangering national security. As is more fully set forth in its Complaint and its Memorandum in Support of this Motion, Lockheed Martin meets all of the elements for a temporary restraining order. First, Lockheed Martin is likely to succeed on the merits of the underlying substantive claims. Defendant has refused to sell titanium to Plaintiff according to the terms the parties agreed to in their contract, breaching the parties' agreement—an agreement designated as a priority national defense contract under the Defense Priorities and Allocations System. Second, Plaintiff has already experienced, and will continue to experience, irreparable harm. Namely, Howmet's failure to abide to its contractual agreement will cause unavoidable and substantial delays in Lockheed Martin's delivery of F-35 aircraft to the United States, threatening national security and Lockheed Martin's reputation and goodwill. These harms cannot be precisely quantified and cannot be remedied fully by monetary damages. Third,

1

the balance of hardships weighs in favor of a temporary restraining order. The considerations of national security outweigh the minimal burden of requiring Defendant to comply with its contractual obligations. Finally, by protecting national security, a temporary restraining order will serve the public interest.

Accordingly, Plaintiff requests this Court to issue a temporary restraining order that requires Defendant to fulfill its contractual obligations and sell titanium in accordance with the pricing schedule and other obligations detailed in the parties' Right to Buy contract.

This Motion is supported by Lockheed's Complaint and the accompanying Memorandum in Support, both of which are incorporated herein by reference. A proposed order is attached.

Dated: November 30, 2023

Respectfully submitted,


By: /s/ Micah R. Prude
Micah R. Prude
   State Bar No. 24051216
Sara Babineaux
   State Bar No. 24125102

HOLLAND & KNIGHT LLP
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201
Telephone: (214) 969-1700
Facsimile: (214) 969-1751

Email: micah.prude@hklaw.com
Email: sara.babineaux@hklaw.com

Joseph G. Petrosinelli (*pro hac vice* appl.
forthcoming)
Christopher J. Mandernach (*pro hac vice*
appl. forthcoming)
Kimberly Broecker (*pro hac vice* appl.
forthcoming)
**WILLIAMS & CONNOLLY LLP**
680 Maine Ave. S.W.
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029

Email: jpetrosinelli@wc.com
Email: cmandernach@wc.com
Email: kbroecker@wc.com

*Attorneys for Plaintiff*
*Lockheed Martin Corporation*

3

## <u>CERTIFICATE OF CONFERENCE</u>

I certify that I conferred with Lola Lin, Esq., Executive Vice President and Chief Legal and Compliance Officer of Defendant Howmet Aerospace, Inc., at 8:00 a.m. Central Time on November 30, 2023, regarding the relief requested in this motion. The parties were unable to resolve the issues presented in this motion and Ms. Lin indicated that Defendants oppose the relief requested. Accordingly, Plaintiff presents this motion to the Court for its consideration.

<u>/s/ Joseph G. Petrosinelli</u>

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing will be served on Defendant Howmet Aerospace Inc.'s registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136, and on Defendant RTI Advance Forming, Inc.'s registered agent, CT Corporation System, 120 South Central Ave., Clayton, MO 63105, in each instance along with the summons and complaint. I further certify that, on November 30, the foregoing was sent by email (memcdonald@cgsh.com and vhou@cgsh.com) to Mark E. McDonald and Victor L. Hou at Cleary Gottlieb who represent Defendants. Pursuant to Local Rule 5.1, I further certify that the foregoing document is available for viewing and downloading on ECF.

*/s/ Joseph G. Petrosinelli*